# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOVERTO VELASQUEZ GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | Case No. 1:26-cv-03344-KES-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO INFORM COURT REGARDING PETITIONER'S CURRENT CUSTODY STATUS |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention.

On July 22, 2026, the Court granted Respondent's motion to lift no-transfer order and vacated the order staying Petitioner's transfer. (ECF No. 14.) On August 3, 2026, a court document mailed to Petitioner was returned as undeliverable. A search of the U.S. Immigration and Customs Enforcement's ("ICE") Online Detainee Locator System using Petitioner's A-Number produces zero results. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Aug. 3, 2026).

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-

controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Based on ICE's Online Detainee Locator System, it appears that Petitioner is no longer in ICE custody and may have been released from custody, which could moot his pending habeas petition. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently released from immigration custody, "thereby curing his complaints about the length of his INS detention").

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of the date of service of this order, Respondent SHALL inform the Court of Petitioner's current custody status and file any supporting documentation.

IT IS SO ORDERED.

Dated: **August 4, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE